[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-11317
Non-Argument Calendar

_____

D.C. Docket No. 9:19-cv-80022-KAM

ROY J. DIXON,
BLANCHE L. DIXON,

Plaintiffs-Appellants,

versus

GREEN TREE SERVICING, LLC,
a.k.a. Ditech Financial LLC, et al.,

Defendants,

BANK OF AMERICA, N.A.,
as successor by merger to BAC
Home Loans Servicing LP,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(May 28, 2021)

Before WILSON, LAGOA, and BRASHER, Circuit Judges.

PER CURIAM:

Roy J. Dixon and Blanche L. Dixon (the Dixons) appeal pro se from a district court order denying them leave to amend and dismissing their claims with prejudice. The Dixons filed a complaint against Bank of America, N.A. (BANA), and other defendants in federal district court alleging violations of the Fair Debt Collection Practices Act (FDCPA) and state-law civil theft. The claims stemmed from BANA's involvement in a mortgage and foreclosure dispute with the Dixons. The district court dismissed the complaint with prejudice. The court also denied leave to file a third amended complaint, which included a new state-law civil theft claim and an implied damages claim under 42 U.S.C. § 1983. Previously, the district court had also dismissed a Racketeer Influenced and Corrupt Organizations Act (RICO) claim for failure to state a claim. The Dixons appealed.

On appeal, the Dixons argue that they properly removed their state foreclosure action to the district court; that the doctrine of fraudulent concealment delayed the running of the statute of limitations for their claims; and that they sufficiently alleged RICO, civil theft, and implied independent damages claims.

BANA filed a motion to strike portions of the Dixons' appendix to their reply brief, which the Dixons opposed. After briefing was complete, the Dixons filed a motion to supplement the record.

2

We first consider whether the district court erred by determining that the Dixons had not initiated a removal case. Then, we consider—with respect to each remaining claim—whether the district court erred by denying the Dixons' motions to amend their complaint as futile and dismissing their case with prejudice. Finally, we consider the pending motions.

## I. Removal

We begin with the question of removal. A defendant may remove any civil action brought in state court to a federal district court that has original jurisdiction over the action. 28 U.S.C. § 1441(a). To remove a civil action pending in state court, a defendant must file a notice of removal in the district court "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." *Id.* § 1446(a), (b)(1).

If a case was not removable based on the initial pleadings, the defendant may file a notice of removal "within thirty days after receipt by the defendant, [of a document] from which it may first be ascertained that the case is . . . or has become removable." *Id.* § 1446(b)(3). The notice of removal must contain "a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." *Id.* § 1446(a). Once the defendant has complied with the requirements for removal, the

3

action is removed "and the State court shall proceed no further unless and until the case is remanded." *Id.* § 1446(d).

We review de novo a district court's removal jurisdiction. *McGee v. Sentinel Offender Servs., LLC*, 719 F.3d 1236, 1241 (11th Cir. 2013) (per curiam). The removing party bears the burden of proving that removal jurisdiction exists. *Id.*

Here, the district court properly found that this was not a removal case because the Dixons did not remove a case from state court to federal court. As the district court explained in its April 29, 2019, order, the Dixons filed an original action in the district court when they filed a complaint alleging two causes of action. They did not file a notice of removal, make a short and plain statement of the grounds for removal, or file a copy of all process, pleadings, and orders served upon them in the relevant state action. *See* § 1446(a), (b)(3).

The Dixons attached a "Notice of Removal" to their first amended complaint in the district court. That so-called Notice of Removal does not change the result here because the notice was a nullity. Accordingly, there was no removal to challenge or remand. And even if that notice is considered to be a "removal," it would have been subject to remand upon a motion by a defendant because it was blatantly untimely—it was filed more than three years after the state foreclosure action began. Therefore, we affirm the district court's findings on removal.

4

## II. FDCPA and Civil Theft

The district court dismissed the Dixons' FDCPA claim on the grounds that the Dixons did not allege sufficient facts to support their claim and that their allegations were time barred. The court similarly dismissed the Dixons' civil theft claim for failure to allege sufficient facts. The district court also denied as futile the Dixons' motion for leave to add a new claim for civil theft against additional defendants: Fannie Mae, and a law firm and an attorney both involved in the state court action. The Dixons argue on appeal that the dismissals of the FDCPA and civil claims and denial of the motion to amend constituted an abuse of discretion by the district court. Specifically, they contend that they sufficiently alleged specific facts to support their claims, and, with respect to the FDCPA claim, the doctrines of fraudulent concealment and equitable tolling tolled the statute of limitations.

We review de novo a district court's grant of a motion to dismiss for failure to state a claim. *Hunt v. Aimco Props., L.P.*, 814 F.3d 1213, 1221 (11th Cir. 2016). We accept the allegations in the complaint as true and construe them in the light most favorable to the plaintiff. *Id.* To withstand a motion to dismiss, a plaintiff must plead facts that are sufficient to state a claim that is "plausible on its face." *Id.* A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Id.* A plaintiff must allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* Thus, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

We generally review for abuse of discretion a district court's decision to deny leave to amend, but we review de novo the denial of leave to amend on grounds of futility. *Boyd v. Warden, Holman Corr. Facility*, 856 F.3d 853, 864 (11th Cir. 2017). "An amendment is considered futile when the claim, as amended, would still be subject to dismissal." *Id.*

To state a viable claim for civil theft under Florida law, a plaintiff must allege an injury resulting from the defendant's violation of Florida's criminal theft statute, Fla. Stat. § 812.014. *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1270 (11th Cir. 2009). Specifically, a plaintiff must allege facts plausibly showing that the defendants knowingly obtained or used, or endeavored to obtain or use, the plaintiff's property with "felonious intent" either temporarily or permanently to (1) deprive the plaintiff of its right to or a benefit from the property or (2) appropriate the property to the defendant's own use or to the use of any person not entitled to the property. *Id.*

6

An appellant abandons issues that are not "plainly and prominently" raised in his initial brief. *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014). Although briefs filed by pro se litigants are liberally construed, issues raised by these litigants for the first time in a reply brief are deemed abandoned. *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) (per curiam). Thus, when a party makes only passing references to an issue in the initial brief and does not devote a discrete section of the brief to the argument of that issue, the party has abandoned that issue on appeal. *United States v. Jernigan*, 341 F.3d 1273, 1283 n.8 (11th Cir. 2003). We generally will not consider an issue not raised in the district court. *Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1331 (11th Cir. 2004).

When a district court's judgment is based upon multiple, independent grounds, an appellant must convince us that each enumerated ground for the judgment against him is incorrect. *Sapuppo*, 739 F.3d at 680. If an appellant does not properly challenge one of the grounds on which the district court based its judgment, the appellant is deemed to have abandoned any challenge to that ground, and we affirm the district court's judgment. *Id.*

Here, the Dixons abandoned any argument that they properly stated their FDCPA claim by not raising the issue on appeal. *See Timson*, 518 F.3d at 874. Because this finding was an independent ground for the district court's decision to

7

dismiss this claim, we affirm the dismissal without reaching the question of whether the Dixons' FDCPA claim was time barred. *See Sapuppo*, 739 F.3d at 680. The Dixons also abandoned any argument that the district court erred in dismissing their civil theft claim against BANA by not plainly and prominently presenting it in their initial brief.[1] *See id.* at 681. The Dixons made only conclusory, passing references to this issue in their discussion of a separate issue; they did not devote a discrete section of the brief to their argument of this issue. *Jernigan*, 341 F.3d at 1283 n.8.

As for the Dixons' motion for leave to add a new claim for civil theft against Fannie Mae, a law firm, and an attorney, the district court properly denied the motion as futile. The Dixons did not assert sufficient facts to plausibly support this claim, even after multiple attempts and discrete instructions from the district court on how to generally plead a civil theft claim. *See Hunt*, 814 F.3d at 1221. Rather, the Dixons recited the elements of a civil theft claim with only conclusory allegations to support their claim. *See id.*; *Davila*, 326 F.3d at 1185. Accordingly, we affirm the district court's dismissal of the Dixons' FDCPA and civil theft

---

[1] In their opening brief, the Dixons argue that their "Final Verified Third Amended Complaint" sufficiently alleges a civil theft claim and that "[t]he District Court exercised an abuse of discretion in dismissing the DIXONS Civil Theft claim with prejudice." While they provide arguments in support of allowing the third amended complaint, that complaint does not bring a civil theft claim against BANA, and they provide no other discussion or argument of their civil theft claim against BANA.

claims and the court's denial, as futile, of the Dixons' motion for leave to amend their complaint to add a new civil theft claim.

### III. RICO

Next we turn to the district court's denial of the Dixons' motion for leave to amend their RICO claim as futile. The Dixons argue that they sufficiently pled a RICO claim. They argue that BANA is an enterprise that is separate from its codefendants and that the defendants committed extortion, mail fraud, and wire fraud by selling the Dixons' home and appropriating the funds to Fannie Mae. The Dixons also argue that they justifiably relied on the defendants' unlawful acts of extortion and that their injury was caused by the defendants' commission of the predicate acts of extortion, mail fraud, and wire fraud. Finally, the Dixons argue that the district court should have allowed their RICO claim to proceed under the doctrine of fraudulent concealment.

RICO provides for civil and criminal liability against any person who conducts the affairs of an enterprise "through a pattern of racketeering activity or collection of unlawful debt." *See* 18 U.S.C. §§ 1962(c), 1964. "A RICO enterprise exists where a group of persons associates, formally or informally, with the purpose of conducting illegal activity." *Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1264 (11th Cir. 2004) (internal quotation marks omitted). However, this

9

enterprise must be distinct from any person named in a RICO claim. *United States v. Goldin Indus., Inc.*, 219 F.3d 1268, 1271 (11th Cir. 2000) (en banc).

To establish a pattern of racketeering activity, plaintiffs must show that: "(1) the defendants committed two or more predicate acts within a ten-year time span; (2) the predicate acts were related to one another; and (3) the predicate acts demonstrated criminal conduct of a continuing nature." *Jackson*, 372 F.3d at 1264 (emphasis omitted). Thus, the plaintiffs "must show that the racketeering predicates are related, *and* that they amount to or pose a threat of continued criminal activity." *H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 239 (1989).

"Racketeering activity" includes any act which is indictable under the exhaustive list of criminal offenses outlined in 18 U.S.C. § 1961(1). This list of predicate acts includes extortion, as defined in 18 U.S.C. § 1951; wire fraud, as defined in 18 U.S.C. § 1343; and mail fraud, as defined in 18 U.S.C. § 1341. *Id.* § 1961(1). Under RICO, an "unlawful debt" is defined as a debt incurred in illegal gambling activity or a debt that charges a usurious interest rate. *Id.* § 1961(6).

Finally, Federal Rule of Civil Procedure 9(b) provides that a party alleging fraud "must state with particularity the circumstances constituting fraud" but that "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). We have explained:

> Rule 9(b) is satisfied if the complaint sets forth (1) precisely what statements were made in what documents or oral representations or

10

what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud.

*Mizzaro v. Home Depot, Inc.*, 544 F.3d 1230, 1237 (11th Cir. 2008) (internal quotation marks omitted).

Here, the district court properly denied the Dixons' motion for leave to amend their civil RICO claim as futile. The Dixons did not allege sufficient facts to support a plausible finding that there was a RICO enterprise, a pattern of racketeering activity, or the collection of an unlawful debt. The Dixons alleged only conclusory statements that the defendants associated with BANA in furtherance of an illegal scheme; that is not sufficient to show the existence of a RICO enterprise. *See Davila*, 326 F.3d at 1185. Their general allegations of mail fraud and wire fraud also do not satisfy the heightened Rule 9(b) pleading requirements. *See Mizzaro*, 544 F.3d at 1237. Additionally, BANA could not be a RICO enterprise because it was a party named in the RICO claim. *See Goldin Indus., Inc.*, 219 F.3d at 1271.

Even if they amended their complaint, the Dixons' RICO claim would still be subject to dismissal because they alleged only the loss of their own home—they did not plausibly allege criminal conduct of a continuing nature. *See Jackson*, 372

11

F.3d at 1264. Accordingly, we affirm the district court's denial of the Dixons' motion for leave to amend their civil RICO claim as futile.

### IV. Implied Damages

The district court also denied the Dixons' motion for leave to add an implied independent damages claim under 42 U.S.C. § 1983 as futile. On appeal, the Dixons argue that they sufficiently alleged the claim against the attorneys involved in their state foreclosure action.

To state a claim under § 1983, a plaintiff must allege sufficient facts to establish that he or she was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999). A private party may be considered a state actor for purposes of § 1983 only in "rare circumstances." *Rayburn ex rel. Rayburn v. Hogue*, 241 F.3d 1341, 1347 (11th Cir. 2001). "[O]ne who has obtained a state court order or judgment is not engaged in state action merely because it used the state court legal process." *Cobb v. Ga. Power Co.*, 757 F.2d 1248, 1251 (11th Cir. 1985).

Here, to the extent that the Dixons sought to assert an independent claim for damages under § 1983, the district court properly denied them leave to add the claim. The conduct of the attorneys involved in the Dixons' state foreclosure action in obtaining a state-law judgment against the Dixons does not constitute state

12

action, and the Dixons did not sufficiently assert that these attorneys were acting under the color of state law. Accordingly, we affirm the district court's denial of the Dixons' motion for leave to add an implied independent damages claim as futile.

## V. Motions

Finally, we address the pending motions in this case.

## A. Motion to Strike

BANA moved to strike portions of the Dixons' reply brief appendix, specifically Appendices C, D, E, and G. The Dixons object only to the striking of Appendix G, which contains the transcript of a district court hearing in which the parties argued various motions, including the Dixons' motion for leave to file a second amended complaint. BANA argues that we should strike Appendix G because the Dixons never presented the transcript to the district court or made it part of the record, nor did they obtain leave from this Court before filing the document.

Appellants have the duty to order any necessary transcripts or to file a certificate stating that no transcript will be ordered within 14 days after filing the notice of appeal. Fed. R. App. P. 10(b)(1); 11th Cir. R. 10-1. "We rarely supplement the record to include material that was not before the district court, but we have the equitable power to do so if it is in the interests of justice." *Schwartz v.*

*Millon Air, Inc.*, 341 F.3d 1220, 1225 n.4 (11th Cir. 2003). We have refused to consider supplemental material provided by a litigant who did not first request leave of court or move to supplement the record. *See Ross v. Kemp*, 785 F.2d 1467, 1474–75 (11th Cir. 1986).

We grant BANA's motion to strike the appendices. The Dixons certified that no transcripts would be ordered for their appeal and did not seek leave or move to supplement the record before filing supplemental materials with their reply brief. *See* Fed. R. App. P. 10(b)(1); 11th Cir. R. 10-1; *see also Ross*, 785 F.2d at 1475. Even if this transcript were properly submitted, it would not be dispositive because it does not show that the district court erred in denying the Dixons' motion to quash the state foreclosure proceedings. Accordingly, we grant BANA's motion to strike Appendices C, D, E, and G to the Dixons' reply brief.

## B. Motion to Supplement

On February 22, 2021, the Dixons filed "Appellants' Motion Seeking Leave to Supplement the Record on Appeal with Appellants' March 27, 2019 Motion Seeking to Quash and/or an Injunction Against the State Court from Continuing with the Foreclosure Proceedings Without Jurisdiction." The filing attaches as an exhibit the motion to quash at issue, which appears on the district court docket at Docket Entry 36. The Dixons do not provide any basis for the request.

On February 26, 2021, BANA filed a response to the Dixons' motion stating that it is "facially deficient" in that it articulates no ground or legal basis for supplementing the record. BANA also states that the document the Dixons seek to add to the record already is part of the record on appeal.

BANA is correct that the document the Dixons seek to add to the record already is part of the record on appeal. Thus, it is unnecessary to supplement the record with the document. Additionally, while the motion's title suggests that the Dixons also request "an Injunction Against the State Court from Continuing with the Foreclosure Proceedings Without Jurisdiction," the body of the motion includes no such request and offers no support in favor of such a request. Thus, the Dixons have not shown that an injunction is warranted. *See* Fed. R. App. P. 27(a)(2)(A) ("A motion must state with particularity the grounds for the motion, the relief sought, and the legal argument necessary to support it."). Accordingly, we deny the motion.

**AFFIRMED IN PART, GRANTED IN PART, DENIED IN PART.**